**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED TALENT AGENCY, LLC, a Delaware limited liability company, | No. 23-3168 |
| Plaintiff - Appellant, | D.C. No. 2:21-cv-00369-MCS-E |
| v. | MEMORANDUM[*] |
| MARKEL AMERICAN INSURANCE COMPANY, a Virginia company, | |
| Defendant - Appellee. | |

| | |
|---|---|
| UNITED TALENT AGENCY, LLC, | No. 23-3359 |
| Plaintiff - Appellee, | D.C. No. 2:21-cv-00369-MCS-E |
| v. | |
| MARKEL AMERICAN INSURANCE COMPANY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted March 4, 2025
Las Vegas, Nevada

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

This insurance coverage dispute arises from an underlying litigation in which Creative Artists Agency ("CAA") sued United Talent Agency ("UTA") for allegedly stealing its clients and employees. Markel American Insurance Company ("Markel") denied UTA coverage of the action based, in part, on California Insurance Code § 533, which provides that "[a]n insurer is not liable for a loss caused by the wilful act of the insured." After CAA and UTA settled, UTA sued Markel for breach of contract and bad faith. On remand from this court, the district court entered judgment in favor of Markel, holding that CAA's allegations in the underlying action necessarily involved "wilful" conduct precluding coverage under § 533. UTA appeals.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). We affirm.

UTA claims that Markel is liable for breach of contract and bad faith for refusing to advance UTA defense costs arising out of the CAA lawsuit. Under the

---

[1] Markel purports to cross-appeal the district court's judgment to the extent it erred by failing to hold that Markel is entitled to summary judgment on alternative grounds. However, the cross-appeal is unnecessary because an appellee "should not cross-appeal if all it wishes to do is present alternative grounds for affirming the judgment." *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1268 (9th Cir. 2022).

policy, Markel agreed to advance "[c]laim [e]xpenses on a current basis." The policy defines claim expenses as the reasonable and necessary fees, costs and expenses incurred by UTA in "the defense or appeal of . . . any [c]laim for which coverage is afforded under" the policy. The dispositive issue is whether the underlying litigation is a "[c]laim for which coverage is afforded." Under § 533, it is not. Thus, because § 533 statutorily excludes coverage of the CAA litigation, Markel owed no duty to advance defense costs and is entitled to summary judgment.

Section 533 is an "implied exclusionary clause which by statute is to be read into all insurance policies." *J.C. Penney Cas. Ins. Co. v. M.K.*, 804 P.2d 689, 694 (Cal. 1991) (quoting *U.S. Fid. & Guar. Co. v. Am. Emp.'s Ins. Co.*, 205 Cal. Rptr. 460, 464 (Ct. App. 1984)). An act is "wilful" under § 533 if it is (1) "deliberately done for the express purpose of causing damage," (2) "intentionally performed with knowledge that damage is highly probable or substantially certain to result," or (3) "an intentional and wrongful act in which the harm is inherent in the act itself." *Downey Venture v. LMI Ins. Co.*, 78 Cal. Rptr. 2d 142, 155 (Ct. App. 1998) (cleaned up). Allegations in an underlying complaint necessarily involve a wilful act when there is no "potential for recovery . . . without proof of willful conduct." *B & E Convalescent Ctr. v. State Comp. Ins. Fund*, 9 Cal. Rptr. 2d 894, 905 (Ct. App. 1992).

Here, most of CAA's claims required proof of UTA's "wilful" conduct. For

instance, liability for inducing breach of contract, intentional interference with prospective economic advantage, and conspiracy to breach a fiduciary duty and duty of loyalty requires proof of "an act deliberately done for the express purpose of causing damage." *Downey*, 78 Cal. Rptr. 2d at 155 (emphasis omitted); *see, e.g.*, *1-800 Contacts, Inc. v. Steinberg*, 132 Cal. Rptr. 2d 789, 803, 806 (Ct. App. 2003); *Reeves v. Hanlon*, 95 P.3d 513, 519–20 (Cal. 2004). And liability for intentional interference with contractual relations and aiding and abetting the breach of a fiduciary duty and duty of loyalty requires proof that the defendant's act was "intentionally performed with knowledge that damage [was] highly probable or substantially certain to result." *Downey*, 78 Cal. Rptr. 2d at 155 (emphasis omitted); *see, e.g.*, *Jenni Rivera Enters., LLC v. Latin World Ent. Holdings, Inc.*, 249 Cal. Rptr. 3d 122, 136 (Ct. App. 2019); *Nasrawi v. Buck Consultants LLC*, 179 Cal. Rptr. 3d 813, 824 (Ct. App. 2014).

To the extent UTA allegedly engaged in less culpable acts, such conduct was "part and parcel" of UTA's wrongful scheme. *See Marie Y. v. Gen. Star Indem. Co.*, 2 Cal. Rptr. 3d 135, 157 (Ct. App. 2003) (quoting *Horace Mann Ins. Co. v. Barbara B.*, 71 Cal. Rptr. 2d 350, 353 (Ct. App. 1998)). Indeed, the gravamen of CAA's complaint is that UTA conspired to steal and deliberately stole CAA's clients and employees. Any alleged non-wilful acts were so closely related to UTA's conspiracy to harm CAA as to constitute the same course of conduct for purposes of § 533. *See*

*id.* (holding that coverage exclusion under § 533 extends to losses "alleged to result from negligent conduct which is so intertwined with intentional and willful wrongdoing as to be inseparable from the wrongdoing" (cleaned up)).

UTA stresses that the duty to advance defense costs is separate from the duty to indemnify, and Markel had a duty to advance costs even if the CAA litigation was excluded from coverage. The policy provides, however, that if it turned out there was no coverage, any advances had to be repaid. There was no coverage, so UTA cannot now recover its defense costs.

There is no genuine dispute that the CAA litigation alleged wilful acts by UTA, thereby triggering § 533's exclusionary clause. Because there is no covered claim, Markel owed no duty to advance UTA defense costs and is therefore entitled to summary judgment.[2]

**AFFIRMED.**

---

[2] Because application of § 533 is dispositive, we decline to reach Markel's alternative arguments for summary judgment.